E-filing

```
1   PAUL L. REIN, Esq. (SBN 43053)
    PATRICIA BARBOSA, Esq. (SBN 125865)
2   JULIE A. MCLEAN, Esq. (SBN 215202)
    LAW OFFICES OF PAUL L. REIN
3   200 Lakeside Dr., Suite A
    Oakland, CA 94612
4   (510) 832-5001

5   Attorneys for PLAINTIFF
    BRIAN BOLITHO
6
    MICHAEL T. LUCEY (SBN 99927)
7   MICHAEL D. BRUNO (SBN 166805)
    GORDON & REES LLP
8   Embarcadero Center West
    275 Battery Street, Suite 2000
9   San Francisco, CA 94111
    (415) 986-5900
10
    Attorneys for Defendant:
11  THE BOARD OF TRUSTEES OF THE LELAND
    STANFORD JUNIOR UNIVERSITY
```

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BRIAN BOLITHO | CASE NO. C04-02727 JW |
| PLAINTIFF, | <u>Civil Rights</u> |
| v. | |
| STANFORD UNIVERSITY; LELAND STANFORD JR. UNIVERSITY BOARD OF TRUSTEES and DOES 1-35, Inclusive, | **CONSENT DECREE AND ORDER** |
| Defendants. | |

1.   PLAINTIFF BRIAN BOLITHO filed this action to enforce provisions of the Americans with Disabilities Act of 1990 ("ADA"), 42 U.S.C. §§ 12101 et seq., and California civil

rights laws against Defendant, THE BOARD OF TRUSTEES OF THE LELAND STANFORD JUNIOR UNIVERSITY ("Defendant" or "Stanford"). Plaintiff has alleged that Defendant violated Title III of the ADA, sections 54.1, and 55 of the California Civil Code, and sections 19955 et seq., of California Health and Safety Code by failing to provide full and equal access to the facility known as the Stanford Stadium ("Stadium") located in Santa Clara County, California, and related facilities, including accessible parking, an accessible entrance into the Stadium and accessible restroom facilities serving the Stadium during the time that Plaintiff attended public events at the Stadium, including October 18, 2003 when Plaintiff attended a Stanford football game.

2. Defendant has answered Plaintiff's Complaint, denying all of Plaintiff's allegations and by entering into this Consent Decree and Order does not admit liability for the matters alleged in Plaintiff's Complaint filed in this action. The parties hereby enter into this Consent Decree and Order for the purpose of resolving the injunctive relief claim in this lawsuit without the need for protracted litigation, and without the admission of any liability.

**JURISDICTION:**

3. The parties agree that the Court has jurisdiction over this matter pursuant to 28 USC §1331 for violations of the Americans with Disabilities Act of 1990, 42 USC 12101 et seq. and pursuant to pendant jurisdiction for violations of California Health & Safety Code §19955 et seq., including

LAW OFFICES OF
PAUL L. REIN
200 LAKESIDE DR., SUITE A
OAKLAND, CA 94612-3503
(510) 832-5001

Consent Decree and Order:
Case No. C04-02727 JW

2

1 §19959; California Code of Regulations, Title 24-2; and
2 California Civil Code §§54; 54.1; §54.3; and 55.

3     4. In order to avoid the costs, expense, and uncertainty
4 of protracted litigation over the issue of Plaintiff's claims
5 for injunctive relief, Plaintiff and Defendant agree to entry
6 of this Consent Decree and Order to resolve all allegations
7 raised in the Complaint concerning claims for injunctive relief
8 through the end of the 2005 football season. Accordingly, the
9 parties agree to entry of this Consent Decree and Order at this
10 time to resolve the temporary injunctive relief necessary to
11 provide persons with disabilities access at the Stadium for the
12 2005 Stanford Football Season. Plaintiff's claims for damages,
13 and attorney fees, have been resolved pursuant to a Settlement
14 Agreement between the parties dated August 3, 2005 and such
15 monetary claims are not resolved in this Consent Decree and
16 Order.

17     WHEREFORE, the parties hereby agree and stipulate to
18 the Court's entry of this Consent Decree and Order, which
19 provides as follows:

20

21 **SETTLEMENT OF PRELIMINARY INJUNCTIVE RELIEF**:
22     5. This Consent Decree and Order is limited to
23 corrective work agreed to by the parties to resolve plaintiff's
24 claims for the use of the stadium for the 2005 football season.
25 Defendant has represented to plaintiff that defendant plans to
26 either demolish or completely renovate the Stanford Stadium
27 following the end of the 2005 football season, which is
28 scheduled to end on November 26, 2005. This agreement for

LAW OFFICES OF
PAUL L. REIN
200 LAKESIDE DR., SUITE A
OAKLAND, CA 94612-3503
(510) 832-5001

Consent Decree and Order:
Case No.C04-02727 JW

3

injunctive relief in this Consent Decree and Order is not intended, and does not extend to any public functions held at the Stanford Stadium after November 26, 2005. The parties agree that plaintiff may renew his claims for injunctive relief based on his Complaint following the 2005 Football Season in the event that plaintiff is advised that defendant intends to continue using the Stadium without completely renovating the Stadium, including renovating disabled access at the Stadium. In entering into this Consent Decree the parties agree that there has been no admission or finding of liability or violation of the ADA and/or California civil rights laws, and that this Consent Decree and Order should not be construed as such. The Parties jointly request that the Court enter the Consent Decree and Order set forth herein with respect to Plaintiff's claims for temporary injunctive relief of disabled access at the Stadium. The parties agree that the Court shall retain jurisdiction over this action to enforce provisions of this Consent Decree and Order until such time as Defendant either completes its proposed renovations of the Stadium, including renovations for disabled access, or defendant substantially demolishes the existing Stadium structure.

6. Defendant or its counsel will notify plaintiff's counsel in writing within two weeks of the Board of Trustees' vote to continue using the Stadium as a public accommodation without the proposed renovations after November 26, 2005.

**INJUNCTIVE RELIEF:**

7. The parties agree and stipulate that all of the

LAW OFFICES OF
PAUL L. REIN
200 LAKESIDE DR., SUITE A
OAKLAND, CA 94612-3503
(510) 832-5001

Consent Decree and Order:
Case No.C04-02727 JW

4

modifications set forth in **Exhibit 1** hereto will be performed in compliance with the standards and specifications for disabled access as set forth in the California Code of Regulations, Title 24-2 and Americans with Disabilities Act Accessibility Guidelines, unless other standards are specifically agreed to in this Consent Decree and Order.

**TERMS OF THE INJUNCTIVE RELIEF:**

8.  For purposes of settlement of the temporary access at the Stadium, Defendant agrees to do the following: modify and add accessible parking; install directional signage to the accessible entrances; create accessible paths of travel from the accessible parking spaces to the designated accessible entrances; to provide accessible sanitary facilities, provide drinking water accommodations; modify seating policies for the wheelchair seating and widen the companion seating; and modify its policies and procedures to permit disabled persons onto the football and track field to see the band and cheerleaders as more fully described in **Exhibit 1.** **Exhibit 1** is hereby incorporated by reference as part of this Consent Decree and Order settling plaintiff's claims for temporary injunctive relief for the 2005 Stanford Football Season.

**TIMING OF MODIFICATIONS AND BARRIER REMOVAL:**

9.  Defendant will complete the corrective work and institute any changes in policies and procedures as described in **Exhibit 1** for use by plaintiff and other disabled guests by the commencement of the first "home game" of the 2005 Football

LAW OFFICES OF
PAUL L. REIN
200 LAKESIDE DR., SUITE A
OAKLAND, CA 94612-3503
(510) 832-5001

Consent Decree and Order:
Case No. C04-02727 JW

5

Season. In the event that Defendant is unable to complete the corrective work as contemplated by this Consent Decree and Order, notwithstanding a good faith effort to complete the work, Defendant's counsel will notify Plaintiffs' counsel in writing within 10 business days of any delay and the cause for the delay. Plaintiffs will not unreasonably withhold consent for a short extension of time to complete the modifications and barrier removal, but maintain the right to seek a motion to enforce this Order, including the right to seek statutory attorney fees, in the event the modifications and corrective work are not completed by the start of the first "home game" for the 2005 Football season.

**DAMAGES AND ATTORNEY FEES:**

10. Plaintiff and Defendant have reached an agreement regarding plaintiff's claims for damages, attorney fees, litigation expenses and costs that have arisen in this matter in regards to plaintiff's Complaint, and that agreement is memorialized in a Settlement Agreement dated August 3, 2005, and no resolution of said claims is intended by this Consent Decree and Order.

**ENTIRE CONSENT DECREE AND ORDER:**

11. This Consent Decree and Order, and any appendices attached, constitutes the entire agreement between the parties on the matters of preliminary injunctive relief through the commencement and end of the 2005 Football Season, and no other statement, promise, or agreement, either written or oral, made

LAW OFFICES OF
PAUL L. REIN
200 LAKESIDE DR., SUITE A
OAKLAND, CA 94612-3503
(510) 832-5001

Consent Decree and Order:
Case No. C04-02727 JW

6

by any of the parties or agents of any of the parties, that is not contained in this written Consent Decree and Order, shall be enforceable regarding the matters described herein.

**CONSENT DECREE AND ORDER BINDING ON PARTIES AND SUCCESSORS IN INTEREST:**

12. Concerning the modifications and corrective work described herein, this Consent Decree and Order shall be binding on BRIAN BOLITHO and on STANFORD and on any successors in interest. The parties have a duty to so notify all such successors in interest of the existence and terms of this Consent Decree and Order during the period of the Court's jurisdiction of this consent decree.

**TERM OF THE CONSENT DECEREE AND ORDER:**

13. This Consent Decree and Order shall be in full force and effect until the end of the 2005 Football Season. The Court shall retain jurisdiction over this action to enforce provisions of this Order until such time as defendant close the Stadium as a public accommodation, or until such time as the Defendant completes renovations of the Stadium following the end of the 2005 Football Season.

**SEVERABILITY:**

14. If any term of this Consent Decree and Order is determined by any court to be unenforceable, the other terms of this Consent Decree and Order shall nonetheless remain in full force and effect.

LAW OFFICES OF
PAUL L. REIN
200 LAKESIDE DR., SUITE A
OAKLAND, CA 94612-3503
(510) 832-5001

Consent Decree and Order:
Case No. C04-02727 JW

7

Case 5:04-cv-02727-JW   Document 14   Filed 11/08/05   Page 8 of 13
Case 5:04-cv-02727-JW   Document 13-1   Filed 08/15/2005   Page 8 of 13

**MUTUAL RELEASE AND WAIVER OF CIVIL CODE SECTION 1542**

15. Except for all obligations required in this Consent Decree and Order, each of the parties to this Consent Decree and Order, on behalf of each, their respective agents, representatives, predecessors, successors, heirs, partners and assigns, releases and forever discharges each other party and all trustees, officers, directors, shareholders, subsidiaries, joint venturers, stockholders, partners, parent companies, employees, agents, attorneys, insurance carriers, heirs, predecessors, and representatives of each other Party, from all claims, demands, damages, actions, and causes of action of whatever kind or nature, presently known or unknown, arising out of or in any way connected with the Lawsuit.

16. Each of the parties to this Consent Decree and Order understands and agrees that there is a risk and possibility that, subsequent to the execution of this Consent Decree and Order, any or all of them will incur, suffer, or experience some further loss or damage with respect to the lawsuit which are unknown or unanticipated at the time this Consent Decree and Order is signed. Except for all obligations required in this Consent Decree and Order, the parties intend that this Consent Decree and Order apply to all such further loss with respect to the lawsuit, except those caused by the parties subsequent to the execution of this Consent Decree and Order. Therefore, except for all obligations required in this Consent Decree and Order, and plaintiff's remaining claims for permanent injunctive relief, this Consent Decree and Order shall apply to and cover any and all claims, demands, actions

LAW OFFICES OF
PAUL L. REIN
200 LAKESIDE DR., SUITE A
OAKLAND, CA 94612-3503
(510) 832-5001

Consent Decree and Order:
Case No. C04-02727 JW

8

Case 5:04-cv-02727-JW    Document 14    Filed 11/08/05    Page 9 of 13
08/01/2005  13:46  510832...        LAW OFFICE PAUL REIN            PAGE  01/02
Case 5:04-cv-02727-JW    Document 13-1   Filed 08/15/2005   Page 9 of 13

and causes of action by the parties to this Consent Decree and Order with respect to the lawsuit, whether the same are known, unknown or hereafter discovered or ascertained, and the provisions of Section 1542 of the California Civil Code are hereby expressly waived. Section 1542 provides as follows:

> A GENERAL RELEASE DOES NOT EXTEND TO CLAIMS WHICH THE CREDITOR DOES NOT KNOW OR SUSPECT TO EXIST IN HIS FAVOR AT THE TIME OF EXECUTING THE RELEASE, WHICH IF KNOWN BY HIM MUST HAVE MATERIALLY AFFECTED HIS SETTLEMENT WITH THE DEBTOR.

**SIGNATORIES BIND PARTIES:**

17. Signatories on the behalf of the parties represent that they are authorized to bind the parties to this Consent Decree and Order.

Dated: August 1, 2005

_____
Plaintiff
BRIAN BOLITHO

Dated: August 4, 2005

_____
Defendant
THE BOARD OF TRUSTEES OF THE
LELAND STANFORD JUNIOR UNIVERSITY

APPROVED AS TO FORM:

Dated: August 4, 2005

PAUL L. REIN
PATRICIA BARBOSA
JULIE MCLEAN
LAW OFFICES OF PAUL L. REIN

_____
Attorneys for Plaintiff
BRIAN BOLITHO

LAW OFFICES OF
PAUL L. REIN
200 LAKESIDE DR., SUITE A
OAKLAND, CA 94612-3503
(510) 832-5001

Consent Decree and Order:
Case No. C04-02727 JW

9

and causes of action by the parties to this Consent Decree and Order with respect to the lawsuit, whether the same are known, unknown or hereafter discovered or ascertained, and the provisions of Section 1542 of the California Civil Code are hereby expressly waived. Section 1542 provides as follows:

> A GENERAL RELEASE DOES NOT EXTEND TO CLAIMS WHICH THE CREDITOR DOES NOT KNOW OR SUSPECT TO EXIST IN HIS FAVOR AT THE TIME OF EXECUTING THE RELEASE, WHICH IF KNOWN BY HIM MUST HAVE MATERIALLY AFFECTED HIS SETTLEMENT WITH THE DEBTOR.

**SIGNATORIES BIND PARTIES**:

17. Signatories on the behalf of the parties represent that they are authorized to bind the parties to this Consent Decree and Order.

Dated: August ___, 2005

_____
Plaintiff
BRIAN BOLITHO

Dated: August 2nd, 2005

_____
Defendant
THE BOARD OF TRUSTEES OF THE
LELAND STANFORD JUNIOR UNIVERSITY

APPROVED AS TO FORM:

Dated: August ___, 2005

PAUL L. REIN
PATRICIA BARBOSA
JULIE MCLEAN
LAW OFFICES OF PAUL L. REIN

_____
Attorneys for Plaintiff
BRIAN BOLITHO

LAW OFFICES OF
PAUL L. REIN
200 LAKESIDE DR., SUITE A
OAKLAND, CA 94612-3503
(510) 832-5001

Consent Decree and Order:
Case No. C04-02727 JW

9

1
2   Dated: August 1, 2005          MICHAEL T. LUCEY
                                   MICHEL D. BRUNO
3                                  GORDON & REES LLP
4
5                                  _____
                                   Attorneys for Defendant
6                                  THE BOARD OF TRUSTEES OF THE
                                   LELAND STANFORD JUNIOR UNIVERSITY
7
8                              **ORDER**
9        Pursuant to stipulation, and for good cause shown, **IT
10  IS SO ORDERED.**
11
12  Dated: November 1, 2005        _____
                                   HON. JAMES WARE
13                                 United States District Judge
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

LAW OFFICES OF
PAUL L. REIN
200 LAKESIDE DR., SUITE A
OAKLAND, CA 94612-3503
(510) 832-5001

Consent Decree and Order:
Case No. C04-02727 JW                                              10

# EXHIBIT 1

Brian Bolitho v. Stanford University, et al.
U.S. District Ct., Northern District of California
Case No. C04-02727

The parties have agreed to temporary corrective work at the Stanford Stadium and the modification of defendant's policies and procedures for providing disabled access for disabled persons attending football games at the Stanford Stadium for the 2005 football season. Defendant will provide the following access and make the following modification of its policies and procedures during the 2005 football season:

DESIGNATED ACCESSIBLE SEATING: Defendant will renovate the designated accessible seating for season ticket holders to provide marked wheelchair seating with 33" of space and a companion seat with at least 25" of space. Defendant will modify its policies and procedures to ensure that no disabled persons with general seating tickets will be seated in the section for season ticket holders if such additional seating will reduce the width of the companion or wheelchair seat of a season ticket holder.

PARKING: Defendant provides permanent accessible parking in the Varsity and Track House parking lots that serve the Stadium. Defendants also provide temporary accessible parking at the Varsity parking lot during football games to increase the number of accessible spaces for football games. Defendant will institute a policy of adding temporary parking spaces adjacent to the permanent spaces in the Track House parking lot during football games. Defendant will modify its policies and procedures for accessible parking at both the Varsity and Track House Lots by ensuring that one regular parking space will be used as an access aisle for every two temporary van accessible parking spaces in each lot. For temporary accessible parking in the Track House Lot Defendant will also provide a marked path of travel and cross walk across the vehicular drive to the closest accessible entrance. Defendant will provide parking attendants at the parking lots to ensure that the modification of parking policies for disabled persons will be carried out during home games for the 2005 football season. Directional signage and the parking attendants will direct disabled persons to the accessible path of travel and entrance gate.

TICKET BOOTHS: Defendant will sell tickets at two portable accessible ticket booths, one of which will be placed near the accessible entrance across from the Track House parking lot.

MAIN SNACK BAR: Defendant will install a lowered section in the main snack bar next to the box office building by lowering the counter to no more than 34" in height, or adding a lowered shelf at no more than 34" in height for use by disabled persons. Defendants will ensure that condiments are placed on the lowered counter.

Bolitho v. Stanford Stadium, et al
Exhibit 1
Page 1 of 2

DRINKING FOUNTAINS: Until such time as Defendant renovates the Stadium and or otherwise provides permanent accessible drinking fountains, defendant will modify its polices by offering persons sitting in the accessible seating areas with bottled water during the games. This water will be provided at no cost to disabled persons. No disabled person will be required to discuss his or her physical disability prior to being offered the bottled water if they are seated in the designated accessible seating areas at the stadium.

FIRST AID FACILITIES: Defendant will install signage directing disabled persons to the accessible first aid facility at the grade level of the stadium.

ACCESSIBLE SANITARY FACILITIES: Defendant will renovate a men's and a women's toilet stall in the sanitary facilities located nearest the accessible season ticket seating area. Renovations will include signage, an accessible lavatory, and accessible soap and towel dispensers.

POLICY MODIFICATION: Defendant will modify its policies and procedures to allow disabled persons onto the field at the end of each football game in order to watch the band and cheerleaders perform.

Bolitho v. Stanford Stadium, et al
Exhibit 1
Page 2 of 2